# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **PAUL JUNIOR MASTERS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00033 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **NEW RIVER VALLEY REGIONAL JAIL,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Paul Junior Masters, Pro Se Plaintiff.*

Plaintiff Paul Junior Masters, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, against the New River Valley Regional Jail. Masters alleges that an unnamed jail official's refusal to provide him with a copy of his HIV test caused him to be convicted. He also alleges that during his two years at the jail, he has had little exposure to fresh air or sunlight; has been unable to have his teeth filled or his eyes checked; and has been without counseling, classes, or a job to help him learn a trade. Masters demands the same conditions and rehabilitation opportunities provided to inmates in Virginia Department of Corrections prisons. Although I recognize Masters' frustrations about his conviction and jail conditions, I find that his Complaint must be summarily dismissed because he has named the wrong defendant.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

The only entity that Masters names as a defendant is the jail itself. The jail, however, is not a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding jail immune from suit and not a person for purposes of § 1983). Therefore, I will summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous.[1]

A separate Final Order will be entered herewith.

DATED: April 6, 2015

/s/ James P. Jones
United States District Judge

---

[1] To the extent that Masters seeks to challenge the fact or length of his confinement, a § 1983 complaint is not proper cause of action. Such claims must be presented in a petition for a writ of habeas corpus under 28 U.S.C. § 2254 after exhaustion of state court remedies. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

-2-

Case 7:15-cv-00033-JPJ-RSB   Document 9   Filed 04/06/15   Page 2 of 2   Pageid#: 26